**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued December 2, 2020
Decided December 17, 2020

## Before

FRANK H. EASTERBROOK, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

| | |
|---|---|
| No. 19-1336 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| *v.* | |
| MICHAEL TRIPLETT, *Defendant-Appellant*. | No. 13 CR 446 Charles R. Norgle, *Judge*. |

## Order

After the district judge denied a motion to suppress evidence discovered in Michael Triplett's car, he pleaded guilty to two firearms offenses and was sentenced to a total of 240 months' imprisonment. The plea reserved the right to contest the denial of the motion to suppress, see Fed. R. Crim. P. 11(a)(2), and that is the sole issue on appeal.

Police received an anonymous tip that a man was selling drugs from a car. The tip described the model, color, location, and license plate of the car but did not provide details that would demonstrate the tipster's knowledge about the nature of the transac-

tions. Using binoculars, Officer Loiaza watched what he deemed to be a drug transaction. After taking evidence, Magistrate Judge Cox found the following facts:

> [Loiaza saw a man] approach defendant to whom who [sic] he handed some cash. After accepting this money, defendant walked across the street to a small black car [that the tipster had described]. Defendant reached into the open window on the passenger side towards the visor and retrieved a small item which he handed to the unidentified man on the other side of the street.

A second officer then searched the car and found heroin, cocaine, and guns, leading to the prosecution. The district judge adopted the magistrate judge's report and denied Triplett's motion to suppress.

Triplett contends on appeal that the tip counts for nothing because it does not show why the tipster thought that Triplett was selling drugs; he maintains that observing one transaction in which he exchanged a "small item" for money does not establish that the "small item" was or contained contraband. According to Triplett, the transaction could have been the fulfillment of a sale arranged on eBay or otherwise innocuous. He maintains that only multiple, similar transactions, or information from a reliable informant, would allow an inference of drug dealing; as a matter of law, he insists, one sale is never enough.

The prosecutor replies that people do not complete internet sales by hand-to-hand transactions on the streets and that legitimate vendors sell identified items (such as hot dogs) from vans with prominent markings rather than from unmarked cars. Loiaza, the magistrate judge, and the district judge all thought that the transaction had the hallmarks of a retail drug sale—or at least was suspicious enough to create probable cause under the practical approach of *Illinois v. Gates*, 462 U.S. 213 (1983).

We need not decide whether that is so, because there was more. The second officer who approached the car testified:

> The windows were down. I looked inside and could see [b]aggies [behind the visor]. I pulled on them, and there were a total of three bags containing white powder in each[.]

That officer did not require probable cause to look through the car's window, and what he saw dispels any possibility that the transaction was legitimate. Triplett does not even *contend* that any lawful sale is accomplished by retrieving baggies from behind a car's visor. Magistrate Judge Cox stated that she believed the officers and disbelieved Tri-

plett's witnesses, so we take this officer's testimony as an established fact. And given this evidence, there can be no doubt that the arrest and search were supported by probable cause.

AFFIRMED